1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   PATRICK A. BOCKARI,                      No.  2:13-cv-0857 JAM AC PS

11             Plaintiff,

12        v.                                  FINDINGS & RECOMMENDATIONS

13   CALIFORNIA VICTIM COMP. &
     GOV'T CLAIMS BOARD,
14
              Defendant.
15

16        This matter is before the Court on defendant's motion to dismiss, which plaintiff opposes.

17   On review of the motion, the documents filed in support and opposition, and good cause

18   appearing therefor, THE COURT FINDS AS FOLLOWS:

19                  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

20        Plaintiff alleges that in June 2004, he sustained serious brain injuries after being assaulted

21   with a deadly weapon.  Compl. at 2.  As a victim of a violent crime, plaintiff qualified for

22   compensation under the California Victim Compensation Program ("CalVCP") from the

23   California Victims Compensation and Government Claims Board ("the Board").  Id.  The

24   following three claims relate to his receipt of this compensation.

25   A.        SSI Deduction

26        In addition to receiving compensation under the California Victim Compensation Act,

27   plaintiff received Supplemental Security Income ("SSI").  Compl. at 3.  Plaintiff's first claim is

28   that the Board improperly deducted his SSI benefits from his CalVCP compensation.  He argues

                                              1

1    that an unspecified federal law prohibits this deduction because states are not allowed to use SSI

2    income in determining any state monetary assistance.  He further argues that the Board is

3    mischaracterizing his SSI assistance as social security benefits.  He believes that, but for this

4    alleged mischaracterization, the Board would not be allowed to deduct his SSI assistance from his

5    CalVCP compensation.

6    B.      Calculation of Pecuniary Loss

7            The Board based the amount of plaintiff's compensation on the estimated income loss

8    plaintiff suffered as a result of the injuries he sustained.  Compl. at 3.  This pecuniary loss was

9    calculated based on plaintiff's salary as a substitute teacher, which was the job he held at the time

10   the qualifying crime occurred.  Plaintiff challenges this determination, arguing before the Board

11   and here that his income loss should have been calculated at a higher rate—presumably that of a

12   credentialed teacher—because he had completed a substantial amount of the coursework

13   necessary to become a credentialed teacher.  In support, plaintiff points out that he obtained his

14   B.A., completed all coursework needed for the Multiple Subject Teaching Credential, and

15   finished one of two five-week student teaching assignments.  He argues that he would have been

16   able to complete his final student teaching position and obtain his basic teaching credential if he

17   had not been injured.  With his teaching credential, plaintiff contends that he would have had a

18   higher earning capacity, and, therefore, the Board should have calculated his pecuniary loss on

19   that higher prospective salary.

20           When the Board denied this argument, plaintiff sought reconsideration.  At the

21   administrative hearing, he asserts that he was denied due process because the hearing officer,

22   Kyle Hedum, was allegedly an attorney for the Board who affirmed the Board's decision.

23   C.      15 Percent Tax on CalVCP Compensation

24           Lastly, the plaintiff accuses the Board of improperly taxing his CalVCP compensation at a

25   rate of 15 percent.  Compl. at 2.  Plaintiff believes that this taxation was in violation of the

26   Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

27                                PROCEDURAL BACKGROUND

28           Plaintiff initiated this action on May 2, 2013.  This matter is pending on defendant's

2

1    motion to dismiss, which plaintiff opposes.

2                                    LEGAL STANDARDS

3            The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure

4    12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n,

5    720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal

6    theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v.

7    Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The plaintiff must allege "enough facts

8    to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly,

9    550 U.S. 544, 555 (2007).  In deciding a 12(b)(6) motion to dismiss, the court accepts the

10   allegations in the complaint as true, and it construes the allegations in the light most favorable to

11   the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915

12   F.2d 1242, 1245 (9th Cir. 1989).

13           The court is permitted to consider material properly submitted as part of the complaint,

14   documents not physically attached to the complaint if their authenticity is not contested and the

15   complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

16   250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include pleadings and other

17   papers filed with a court.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

18   1986).  The court need not accept as true conclusory allegations, unreasonable inferences, or

19   unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.

20   1981).

21                                        DISCUSSION

22           Defendant seeks dismissal of the complaint on the grounds that there is no subject matter

23   jurisdiction, plaintiff lacks standing and/or the issues are moot, and plaintiff's claims are barred

24   under the doctrine of res judicata.

25   A.      Subject Matter Jurisdiction

26           Defendant first seeks dismissal of the complaint on the ground that none of plaintiff's

27   proffered grounds for jurisdiction raise a federal question and, therefore, the case should be

28   dismissed for lack of subject matter jurisdiction.  In both the complaint and in his opposition to

                                              3

1    the instant motion, plaintiff lists several grounds that he asserts establishes subject matter

2    jurisdiction, none of which the Court finds compelling.  Accordingly, for the reasons set forth

3    here, it will be recommended that the complaint be dismissed for lack of jurisdiction.

4                    1.        Diversity Jurisdiction

5                    District courts have original jurisdiction over civil actions between citizens of different

6    states where the matter in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).  Here, plaintiff

7    appears to be a citizen of California, see Compl. at 2 ¶ C, and defendant is a California state

8    agency.  Diversity jurisdiction requires complete diversity, which means that all plaintiffs must be

9    of different citizenship than all defendants.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)

10   (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of

11   each plaintiff is diverse from the citizenship of each defendant").  Because it is clear from the

12   complaint that the parties are not completely diverse, plaintiff has failed to meet his burden of

13   establishing diversity.  Indeed, in his opposition to the instant motion, plaintiff concedes that this

14   action is not based on diversity jurisdiction.  See Pl.'s Opp'n at 3.

15                   2.        Federal Question Jurisdiction

16                   Federal question jurisdiction pertains to "all civil actions arising under the Constitution,

17   laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law

18   either where federal law creates the cause of action or 'where the vindication of a right under state

19   law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v.

20   Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise

21   Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence

22   of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

23   that federal jurisdiction exists only when a federal question is presented on the face of the

24   plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc.,

25   582 F.3d 1083, 1091 (9th Cir. 2009).

26                   If a claim depends on the particular construction of a federal law, then it raises a federal

27   question even if the court ultimately rejects the plaintiff's construction.  See Bell v. Hood, 327

28   U.S. 678, 685 (1946) ("[T]he right of the petitioners to recover under their complaint will be

                                                        4

1  sustained if the Constitution and laws of the United States are given one construction and will be

2  defeated if they are given another.  For this reason the district court has jurisdiction.").  However,

3  federal district courts lack subject matter jurisdiction over a federal question if "the alleged claim

4  under the Constitution or federal statutes clearly appears to be immaterial and made solely for the

5  purpose of obtaining jurisdiction or [if] such a claim is wholly insubstantial and frivolous."  Id. at

6  682–83.  The federal claim is deemed to be insufficient for subject matter jurisdiction when it is

7  "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise

8  completely devoid of merit as not to involve a federal controversy."  Steel Co. v. Citizens for

9  Better Environment, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of

10  Oneida, 414 U.S. 661, 666 (1974)).

11                     a.   Grounds Raised in Complaint

12          In his original complaint, plaintiff asserts jurisdiction on the following six grounds: (1) he

13  is a citizen of the United States, (2) the defendant-Board is a state agency that derives authority

14  from the legislature, (3) plaintiff resides in Sacramento, California and the disabling event

15  occurred in California, (4) defendant-Board receives federal funding, (5) defendant-Board

16  deducted plaintiff's federal SSI benefits from his overall compensation, and (6) defendant-Board

17  imposed a 15 percent tax on his CalVCP compensation in violation of the ADA.  Plaintiff also

18  raises a subsidiary due process claim concerning the administrative hearing before the Board.

19  The Court will address each of these bases in turn.

20          Many of the grounds proffered by plaintiff are clearly insufficient to confer federal

21  question jurisdiction.  First, plaintiff's U.S. citizenship is not a matter in question or even relevant

22  to his claims, and plaintiff has offered no argument as to how this ground confers this Court with

23  jurisdiction.  Similarly, plaintiff fails to explain how the mere fact that the Board is a state agency

24  that derives its authority from the legislature raises a federal question.  It does not.  See Hastings

25  v. DHS, Child Welfare Gresham Branch, No. 03:12-CV-741-HZ, 2012 WL 2572774, at *2 (D.

26  Or. July 3, 2012) (holding that federal question jurisdiction did not exist in a wrongful death suit

27  despite the fact that the defendant was a state agency).  Additionally, a federal question is not

28  presented simply because plaintiff is domiciled in California or because plaintiff's injury occurred

1    in Sacramento.[1]

2         Plaintiff is also incorrect that the mere receipt of federal funding confers jurisdiction.

3    Without a concrete federal question at issue, the receipt of federal funds itself does not insert a

4    federal question in the claim for this Court to resolve.  Wong v. Community Health Center La

5    Clinica, No. CV-07-5004-FVS, 2007 WL 1246231, at *2-3 (E.D. Wash. Apr. 27, 2007); see also

6    Transit Express, Inc. v. Ettinger, 246 F.3d 1018, 1026 (7th Cir. 2001) (finding that federal

7    funding "cannot serve as an independent basis for establishing jurisdiction").  In Wong, the main

8    issues before the court were whether defendant's executive directors and board members

9    "engaged in fraudulent, oppressive, or illegal activities" in the management of a non-profit health

10   center.  Wong, 2007 WL 1246231, at *3.  The plaintiff there asserted that the defendant's receipt

11   of federal funding for the health center raised a federal question because federal law governed the

12   requirements for funds to be granted.  Id.  The court held that, without more, the party's receipt of

13   federal funding did not confer jurisdiction because not all of its assets were from federal funds

14   and the funds themselves did not form a central basis of the dispute.  Id.  Here, plaintiff does not

15   claim that the defendant has violated any federal law regarding the disbursement or use of the

16   federal funds it receives.  Rather, plaintiff's claims concern the alleged miscalculation and

17   taxation of his compensation in violation of other federal and state laws (e.g., the ADA, laws

18   regarding SSI benefits, etc.).  As in Wong, the issues in dispute in the case do not raise a

19   substantial issue in regards to the federal funding because the funding itself is only "lurking in the

20   background" rather than forming a central issue of the claim.  Wong, 2007 WL 1246231, at *3

21   (quoting Transit Express, Inc., 246 F.3d at 1026.  Thus, the federal funding received by defendant

22   does not, on its own, confer jurisdiction in this case.

23        Next, while plaintiff refers to the ADA in his complaint, he cites no specific provision to

24   support his contention that it was unlawful for defendant to deduct his SSI benefits from his

25   _____

26   [1] This information may be relevant for determinations of venue, but it does not bear on the
     question of whether the cause of action raises a federal question sufficient for jurisdiction.  See 28

27   U.S.C. § 1391 (providing that "a civil action may be brought in" the judicial district where "a
     substantial part of the events or omissions giving rise to the claim occurred").

28

1    CalVCP compensation or to tax that compensation at 15 percent.  Mere references to federal law

2    are insufficient for federal question jurisdiction.  See Easton v. Crossland Mortg. Corp., 114 F.3d

3    979, 982 (9th Cir. 1997) ("the mere reference of a federal statute in a pleading will not convert a

4    state law claim into a federal cause of action"); see also Fischer v. GMAC Mortg. LLC, 2012 WL

5    2524266, at * 8 (C.D. Cal. 2012).

6         Finally, plaintiff contends that his due process rights were violated because the hearing

7    officer, an attorney for the Board, was presumably biased.  The Fourteenth Amendment of the

8    United States Constitution protects individuals against the deprivation of liberty or property by

9    the government without due process.  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th

10   Cir. 1993).  A claim based on denial of procedural due process has three elements: (1) a

11   constitutionally protected liberty or property interest; (2) deprivation of that interest by the

12   government; and (3) lack of process.  Id.  The Court consults state law to determine whether a

13   property interest exists.  Id. at 905.  "Property interests 'are created and their dimensions are

14   defined by existing rules or understandings that stem from an independent source such as state

15   law.'"  San Bernardino Physicians' Serv. Med. Group, Inc. v. County of San Bernardino, 825

16   F.2d 1404, 1408 (9th Cir. 1987) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)).

17   But federal constitutional law ultimately controls whether the property interest rises to the level of

18   a "legitimate claim of entitlement protected by the Due Process Clause."  Town of Castle Rock,

19   Colorado v. Gonzales, 545 U.S. 748, 757 (2005) (internal quotations omitted).

20        In this case, plaintiff contends that he appealed the Board's decision to reimburse his lost

21   income based on his prior earnings as a substitute teacher.  Pursuant to the Board's regulations, a

22   hearing to contest a staff recommendation to deny compensation in whole or in part may be

23   overseen by a hearing officer delegated by the Board to consider applications for reconsideration.

24   See Cal. Gov't Code §13959.  Pursuant to the Board's own regulations, then, plaintiff was not

25   entitled to a hearing officer unaffiliated with the Board.  Plaintiff thus has not shown the existence

26   of a constitutionally protected liberty or property interest.

27              b.  Grounds Raised in Opposition

28        In his opposition to the motion to dismiss, plaintiff asserts several additional grounds to

7

serve as the basis for this Court's jurisdiction.  First, plaintiff repeats his argument that the Board's receipt of federal funds requires that it comply with state law.  As already noted, though, mere receipt of federal funds does not confer this Court with subject matter jurisdiction.  <u>See</u> <u>supra</u>.  And for each of the state statutes that plaintiff contends the Board violated, he fails to identify how the alleged violation of these in turn violated any federal law.

Plaintiff also references many federal laws in support of his argument that it was unlawful for the Board to count supplemental aid as income in calculating his compensation.  In determining whether a federal district court has "arising under" jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule.  <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987).  Under the well-pleaded complaint rule, we must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  <u>See</u> <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112 (1936).  As the Supreme Court cautioned,

> To define broadly and in the abstract "a case arising under the Constitution or laws of the United States" has hazards of a kindred order . . . . [T]he courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible.  We shall be lost in a maze if we put that compass by.

<u>Id.</u> at 117-18.

Here, despite multiple references to federal law, plaintiff fails to show that there is any "genuine and present controversy."  <u>See</u> <u>Gully</u>, 299 U.S. at 113.  Plaintiff first cites to 42 U.S.C. § 402(a), which he claims prohibits defendant from deducting his SSI benefits from his CalVCP compensation.  This statute, though, governs old-age and survivors insurance benefit payments, which has no relation to plaintiff's claims in this case.

Plaintiff also asserts that the deduction of his SSI benefits violated 42 U.S.C. § 10602, which governs the eligibility of crime victim compensation programs for federal grants.  Pursuant to § 10602(c),

> Notwithstanding any other law (other than title IV of Public Law 107–42), for the purpose of any maximum allowed income,

resource, or asset eligibility requirement in any Federal, State, or local government program using Federal funds that provides medical or other assistance (or payment or reimbursement of the cost of such assistance), any amount of crime victim compensation that the applicant receives through a crime victim compensation program under this section shall not be included in the income, resources, or assets of the applicant, nor shall that amount reduce the amount of the assistance available to the applicant from Federal, State, or local government programs using Federal funds, unless the total amount of assistance that the applicant receives from all such programs is sufficient to fully compensate the applicant for losses suffered as a result of the crime.

This statute is not relevant to plaintiff's claims here.  A plain reading reveals that it prohibits the use of victim compensation in the determination of eligibility for *other* government assistance; it has no bearing on how plaintiff's SSI benefits can affect the victim compensation that he receives from the Board.

Plaintiff also asserts generally that the Social Security Administration does not permit financial aid from a state-established fund for victims of crime to be counted as income.  He fails, though, to point to a specific provision in support and refers only generally to "Public Law 101–508," which was the Omnibus Reconciliation Act of 1990 that created several new social security laws.  Pub. L. No 101-508, 104 Stat. 143.  Mere reference to a federal statute does not establish federal jurisdiction.  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986).  Plaintiff also states—again, generally—that the taxation of his compensation violated federal law, yet he again fails to refer to a specific federal statute that was violated.

Plaintiff next asserts jurisdiction under the Social Security Protection Act of 2004 ("the Act") because the Act allegedly authorizes federal courts to order a defendant convicted of defrauding the Social Security Administration to make restitution.  But there is no allegation here that defendant defrauded the Social Security Administration.  Moreover, plaintiff does not cite to a specific provision of the Act and refers generally to Public Law 108-203, which made certain modification to the Act unrelated to plaintiff's claims herein.

Plaintiff also relies on Title 2 of the Code of Federal Regulations, which governs grants and agreements, to argue that defendant was prohibited from deducting his SSI benefits from his victim's compensation for loss of wages.  But as with his previous references to federal law,

1    plaintiff does not cite a particular statute in support.  The only regulations in this title concerning

2    the Social Security Administration provide rules for debarment, suspension, and the requirements

3    for a drug-free workplace.  See 2 C.F.R. §§ 2336.10, 2336.20, 2336.30, 2339.10, 2339.20,

4    2339.30.  None of these relate to plaintiff's claims.

5          Finally, plaintiff indicates that the U.S. Constitution confers jurisdiction because it

6    prohibits states from writing statutes that conflict with federal law.[2]  Plaintiff is correct that where

7    federal law and state law conflict, federal law displaces or preempts state law.  U.S. Const. art.

8    VI, § 2.  Furthermore, if a case raises an issue of complete preemption, then a plaintiff's state

9    action claim can be viewed as federal for purposes of subject matter jurisdiction.  Balcorta v.

10   Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000) ("[The] claim

11   purportedly based on . . . preempted state law is considered, from its inception, a federal claim,

12   and therefore arises under federal law."); see also Metropolitan Life Ins. Co. v. Taylor, 481 U.S.

13   58, 65 (1987).  The Ninth Circuit has stated that complete preemption exists where "the

14   preemptive force of a statute is so strong that it 'completely preempt[s]' an area of state law."

15   Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (2005) (quoting Balcorta, 208 F.3d at 1107).

16         Here, however, there is no indication that the state laws governing victim compensation

17   conflict in any way with the federal statutes cited by plaintiff.  Moreover, the Supreme Court has

18   found complete preemption existed in only three particular areas of the law: (1) under § 301 of

19   the Labor Management Relations Act of 1947, Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of

20   Machinists & Aerospace Workers, 390 U.S. 557 (1968); (2) under § 502(a) of the Employee

21   Retirement Income Security Act, Metropolitan Life Ins. Co., 481 U.S. at 65 (1987); and (3) cases

22   involving Native American land rights conferred by treaty, Oneida Indian Nation of New York v.

23   County of Oneida, 414 U.S. 661, (1974); see Queen v. City of Detroit, 874 F.2d 332, 342 (6th

24   Cir. 1989).  Plaintiff's claims do not fall within any of these three situations, and there is no

25   indication that his claims against the Board raise other preemption issues that parallel these cases.

26   _____

27   [2] Plaintiff cites to "Article X" of the Constitution as governing federal preemption, presumably
     referring to the Tenth Amendment, which governs the allocation of power between federal and
     state governments rather than preemption.

28

1    For the foregoing reasons, the Court finds that it does not have subject matter jurisdiction

2    over plaintiff's claims.  Defendant's motion to dismiss should therefore be granted on this

3    ground.

4    B.    Lack of Standing / Mootness

5    Defendant also moves for dismissal for lack of standing on the ground that plaintiff

6    received the full statutory amount under the CalVCP.  In support, defendant asks the Court to take

7    judicial notice of an accounting of the money paid to plaintiff as a matter of public record.  See

8    Def.'s Req. Judicial Notice ("RJN"), Ex. B; Decl. of Julie Nichols ¶¶ 4-5 ("The information in the

9    spreadsheet comes from the information contained in our internal claims database . . .  The []

10   database contains records of all payments made to or on behalf of eligible crime victim applicants

11   including Plaintiff.").  Though plaintiff fails to address this argument in his opposition, he does

12   attach to his brief certain documents suggesting that he did not receive the full statutory amount.

13   See, e.g., Pl.'s Opp'n, ECF No. 12 at 4-5.

14   1.    Judicial Notice

15   As a general rule, a district court may not consider any material beyond the pleadings

16   when ruling on a Rule 12(b)(6) motion.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.

17   2001).  There are two exceptions to this well-established doctrine: (1) material that is properly

18   submitted as part of the complaint; and (2) matters of public record, of which the Court may take

19   judicial notice under Federal Rule of Evidence 201.  Id. at 688-89.  Documents not physically

20   attached to the complaint may be considered if their authenticity is uncontested and the plaintiff's

21   complaint necessarily relies on them.  Id. at 688.  Under Rule 201, a court may judicially notice a

22   fact that is "not subject to reasonable dispute in that it is either (1) generally known within the

23   territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

24   resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

25   Here, defendant asserts that judicial notice may be taken of the accounting of money paid

26   to plaintiff.  In support, defendant submits a declaration noting that this spreadsheet was

27   generated based on "information contained in [defendant's] internal database."  Nichols Decl. ¶ 5.

28   Defendant's conclusory statement that this is a matter of public record does not convince the

1  Court, particularly since plaintiff reasonably questions its accuracy.  But even if the accounting

2  can be deemed a matter of public record, the Court may take judicial notice only of the existence

3  of the record, not the facts contained therein.  Lee, 250 F.3d at 689-90; George W. v. U.S. Dept.

4  of Educ., 149 F. Supp. 2d 1195, 1199 (E.D. Cal. 2000) (recognizing that a court may take judicial

5  notice of a public record which has a "direct relation to the matters at issue," but only of the

6  existence of those matters of public record (the existence of a public document or of

7  representations in the document) but not of the veracity of arguments or disputed facts in the

8  document.).  Thus, the Court takes judicial notice of Exhibit B only to note that defendant has

9  made an accounting of money paid to plaintiff.

10      2.  Analysis

11      From a constitutional perspective, Article III's case-or-controversy requirement requires

12  the following for each claim: (1) the party invoking federal jurisdiction must have suffered some

13  actual or threatened injury; (2) the injury must be fairly traceable to the challenged conduct; and

14  (3) a favorable decision would likely redress or prevent the injury.  See Friends of the Earth, Inc.

15  v. Laidlaw Envtl. Servs. (TOC), 528 U.S. 167, 180-81, 185 (2000); Lujan v. Defenders of

16  Wildlife, 504 U.S. 555, 560-61 (1992); Valley Forge Christian College v. Americans United for

17  Separation of Church and State, Inc., 454 U.S. 464, 472 (1982); Sahni v. American Diversified

18  Partners, 83 F.3d 1057, 1057 (9th Cir. 1985).  "Mootness can be characterized as the doctrine of

19  standing in a time frame: The requisite personal interest that must exist at the commencement of

20  the litigation (standing) must continue throughout its existence (mootness)."  Foster v. Carson,

21  347 F.3d 742, 745 (9th Cir. 2003) (quoting Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986,

22  989 (9th Cir. 1999) (internal quotation marks omitted)).

23      Defendant relies on its accounting record to argue that plaintiff cannot establish injury

24  since he received the full statutory amount allowed under the CalVCP.  But since the Court did

25  not take judicial notice of the facts contained in the accounting (i.e., how much plaintiff received

26  under the CalVCP) and notwithstanding plaintiff's failure to address this argument in his

27  opposition, dismissal is not warranted on this ground.

28  ////

C.      Res Judicata

Lastly, defendant moves for dismissal on the ground that plaintiff's claims are barred by the doctrine of res judicata.  In opposition, plaintiff argues that res judicata should not be applied because it would defeat the purpose of the legislature assisting the public; he was denied a fair hearing before the Board because the hearing officer was an attorney for the Board; "Rule 623" prohibits the application of res judicata when one party makes misrepresentations to the other party; and, lastly, defendant erred in construing plaintiff's SSI benefits as Social Security income.

1.  Legal Standards

Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.  The doctrine of res judicata, or claim preclusion, "'bars 'all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'"  C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986)).

Res judicata prohibits a second lawsuit involving the (1) same controversy (2) between the same parties or their privies (3) so long as the prior lawsuit was a final judgment on the merits. Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896-97 (2002).  It also applies to those claims which could have been litigated as part of the prior cause of action.  See Clark v. Yosemite Comm. College Dist., 785 F.2d 781, 786 (9th Cir. 1986).  A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory.  See McClain, 793 F.2d at 1034.

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see Adam Bros. Farming, Inc. v. County of Santa Barbara, 604 F.3d 1142, 1148 (9th Cir. 2010) (same).

2.  Relevant Background

Following the Board's denial of plaintiff's application for reconsideration, plaintiff filed a

13

1    writ of mandate in the Sacramento County Superior Court on March 23, 2007, alleging that the

2    Board improperly calculated his income loss and improperly deducted his SSI benefits from his

3    compensation.  RJN, Ex. C.  The Board filed a demurrer, which the trial court sustained without

4    leave to amend.  See id., Ex. D-E; see also Compl. at 3.  The writ was thus dismissed.  RJN, Ex.

5    E; Compl. at 3.

6         3.  Analysis

7         The Court finds that all three elements required for res judicata are present here.  There

8    can be no legitimate dispute that this and the prior state writ involve the same controversy

9    between the same parties.  In both actions, plaintiff asserts that defendant improperly deducted his

10   SSI benefits from his CalVCP compensation and improperly based his income loss on the salary

11   of a substitute teacher instead of a credentialed teacher.  There can also be no legitimate dispute

12   that a state court's order sustaining a demurrer constitutes a final judgment on the merits.  See

13   McKinney v. County of Santa Clara, 110 Cal. App. 3d 787, 794 (1980) (holding "[a] judgment on

14   a general demurrer will have a preclusive effect on a new action in which the complaint states the

15   same facts which were held not to constitute a cause of action on the former demurrer"); Goddard

16   v. Sec. Title Ins. & Guarantee Co., 14 Cal.2d 47, 51, 92 P.2d 804 (1939) (noting that a demurrer

17   which is sustained for failure of the facts alleged to establish a cause of action is a judgment on

18   the merits if the same facts are pleaded in the second action).  Thus, it appears that plaintiff's

19   claims are barred by the doctrine of res judicata.

20        Plaintiff's arguments in opposition are unavailing.  First, plaintiff has not shown how the

21   legislature's purpose in assisting the public or how defendant's alleged denial of a fair hearing at

22   the administrative level would obviate the application of res judicata in this case.  Additionally,

23   plaintiff's citation to, presumably, California Evidence Code Section 623 is inapplicable.  That

24   section provides: "Whenever a party has, by his own statement or conduct, intentionally and

25   deliberately led another to believe a particular thing true and to act upon such belief, he is not, in

26   any litigation arising out of such statement or conduct, permitted to contradict it."  Here, there is

27   no suggestion that defendant intends to contradict any statements or conduct made in this or any

28   other litigation.  Lastly, that defendant purportedly erred in construing plaintiff's SSI benefits as

14

1   Social Security income is an issue at the core of both this action and the state court action.  It is

2   because of this that res judicata applies to the facts of this case.

3          Having found that all of the requisite elements for application of res judicata have been

4   established by defendant, its motion to dismiss should be granted.

5          Based on the foregoing, IT IS HEREBY RECOMMENDED that:

6          1.  Defendant's motion to dismiss (ECF No. 11) be granted in part; and

7          2.  This action be dismissed without leave to amend.

8          These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within fourteen days after service of the objections.  The parties are

14  advised that failure to file objections within the specified time may waive the right to appeal the

15  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED: July 18, 2014

17

18                                          ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

15